IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEONTRAY D. COLEMAN,**

                **Plaintiff,**

    v.                                        **CASE NO. 20-3236-JWL**

**MIKE JOHNSTON,**

                **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff is a federal prisoner currently confined at McDowell-FCI in Welch, West Virginia. He proceeds *pro se*. Plaintiff filed this civil rights action on September 16, 2020. On February 18, 2021, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC"), granting Plaintiff until March 18, 2021, in which to show good cause why his complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff failed to respond by the Court's deadline, and on March 30, 2021, the Court entered an Order (Doc. 4) dismissing this action for failure to state a claim.

On December 15, 2023, Plaintiff filed a Motion to Reopen Case and Motion to Appoint Counsel (Doc. 6). Plaintiff's motion asks for the case to be reopened so that he can have another opportunity for his case to be heard. He explains that he was transferred to the custody of the Federal Bureau of Prisons ("BOP") in January of 2021. (Doc. 6, at 1.) In the course of the transfer, all of his legal papers were lost, and his mail was not forwarded. *Id*. Plaintiff also attaches a letter from the Inspector General of the U.S. Army dated March 23, 2021, stating that his complaint that

1

U.S. Disciplinary Barracks ("USDB") staff failed to address his religious accommodation issue was founded. *Id*. at 3.

Plaintiff's motion does not show circumstances warranting reopening this closed case over two and half years after it was dismissed. Plaintiff's motion to reopen is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted).

Plaintiff has set forth no argument as to why he should receive relief under Fed. R. Civ. P. 60(b). Moreover, Plaintiff's complaint sought relief in the form of an exception to the USDB's grooming policy and $1,000 for court costs, materials, and suffering. The MOSC found that Plaintiff's request for monetary damages was barred by the *Feres* doctrine. His request for an

exception is now moot because he was transferred to the custody of the BOP. For these reasons, the Court denies the request to reopen this case. Because the case remains closed, Plaintiff's Motion to Appoint Counsel is also denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reopen Case and Motion to Appoint Counsel (Doc. 6) is **denied**. This case remains closed.

**IT IS SO ORDERED**.

Dated December 18, 2023, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE